IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN SCHENCK, *on behalf of himself and all other similarly situated individuals,* | |
| Plaintiff, | Civil Action No. 18-164<br>Magistrate Judge Maureen P. Kelly |
| v. | Re: ECF Nos. 50 and 58 |
| CURTISS-WRIGHT CORPORATION, | |
| Defendant. | |

## ORDER OF COURT

Pending before the Court is a Partial Motion to Dismiss filed by Defendant Curtiss-Wright Corporation ("Defendant"), ECF No. 50, and a Motion for Remand filed by Plaintiff Justin Schenck ("Plaintiff"), ECF No. 58. The relevant procedural history is as follows.

Plaintiff filed a Class Action Complaint in the Court of Common Pleas of Allegheny County, raising claims of violations of the Fair Credit Reporting Act (the "FCRA") and the Pennsylvania Criminal History Record Information Act ("CHRIA"). ECF No. 1-2. On February 5, 2018, Defendant removed the action to this Court. ECF No. 1. Plaintiff filed a First Amended Class Action Complaint on August 15, 2018. ECF No. 38. Therein, he added an additional claim under the FCRA. Id. On September 5, 2018, Defendant filed a Partial Motion to Dismiss seeking the dismissal of Count One (a FCRA claim) on the basis of lack of standing and the dismissal of Counts One, Two and Three (all FCRA claims) on the basis of the insufficiency of the allegations in the Amended Complaint. ECF Nos. 50-51.

On September 20, 2018, Defendant filed a Notice of Supplemental Authority in support of its Partial Motion to Dismiss, citing a September 10, 2018, decision by the United States

Court of Appeals for the Third Circuit, Long v. SEPTA, No. 17-1889, 2018 U.S. App. LEXIS 25560 (Sept. 10, 2018). ECF No. 57. Defendant argued that the holding in Long conclusively resolved the standing issue as to Count One and further established that Plaintiff does not have standing to assert Counts Two and Three. Id. at 1-2. Therefore, Defendant sought to amend its Partial Motion to Dismiss to incorporate its standing argument as to Counts Two and Three. Id. at 2.

On September 25, 2018, Plaintiff filed the instant Motion to Remand, ECF No. 58, as well as a Motion to Vacate this Court's Scheduling Order as to the Partial Motion to Dismiss pending a determination on the Motion for Remand, ECF No. 60. On September 26, 2018, this Court granted the Motion to Vacate the Scheduling Order. ECF No. 62. Defendant filed an Opposition to the Motion to Sever and Remand on October 11, 2018. ECF No. 63. On October 19, 2018, Plaintiff filed a Reply Memorandum in Support of the Motion to Remand. ECF No. 66. On November 2, 2018, Defendant filed a Sur-Reply. ECF No. 70.[1] The Motion to Remand is thus ripe for consideration.

In the Motion to Remand, Plaintiff cites to Long, and asserts that: "Under the reasoning of Long, it does not appear federal Article III jurisdiction remains as to over Counts I-III of Plaintiff's First Amended Complaint. Accordingly, Plaintiff seeks an order to sever Counts I, II, and III of [the First] Amended Complaint and remand them to the Court of Common Pleas of Allegheny County on the grounds that this Court lacks jurisdiction over those claims." ECF No. 58 at 1-2.

---

[1] Also on November 2, 2018, Plaintiff submitted a Notice of Supplemental Authority in Support of the Motion to Remand, ECF No. 69, attaching a November 1, 2018, Memorandum Order from this Court in Dahy v. FedEx Ground Package System, Inc., Civ. A. No. 17-1633 (W.D. Pa. Nov. 1, 2018). In Dahy, the Honorable David S. Cercone considered a Motion to Remand in which the plaintiff made an argument for remand based on Long. However, Judge Cercone did not resolve the Motion for Remand on the basis of the holding of Long. Instead, he remanded the FCRA claim based on agreement of the parties as to the propriety of remand. As such, Dahy does not have any application to this case.

2

In opposition to the Motion to Remand, Defendant raises three arguments. First, Defendant argues that the Motion to Remand is premature, because it is based on the assumption that this Court will grant still-pending Partial Motion to Dismiss as to Counts I, II, and III. ECF No. 63 at 6. Second, Defendant contends that by seeking leave to file and then filing the First Amended Complaint, Plaintiff has waived the ability to seek remand. Id. at 6-7. Third, Defendant argues that Plaintiff's request to sever is improper and without merit. Id. at 7-8.

The Court notes that in Long, the United States Court of Appeals for the Third Circuit held: (1) that the plaintiffs therein had standing to assert a claim under 15 U.S.C. § 1681b(b)(3)(A)(i), a provision of the FCRA which prohibits a potential employer from taking adverse action on the basis of a consumer report before providing to the consumer a copy of the report; and (2) that the plaintiffs therein did not have standing to assert a claim under 15 U.S.C. § 1681b(b)(3)(A)(ii), a provision of the FCRA which prohibits a potential employer from taking adverse action on the basis of a consumer report before providing to the consumer a written description of the consumer's rights under the FCRA. 2018 U.S. App. LEXIS 25560 at *24. The Long court found that the plaintiffs lacked standing for the latter claim because, "although they did not receive FCRA rights disclosures, they understood their rights sufficiently to be able to bring this lawsuit." Id. at *23.

In the instant case, the FCRA-based claims are as follows. Count One is based on the alleged violation of 15 U.S.C. § 1681b(b)(2)(A)(i), a provision of the FCRA which prohibits a potential employer from procuring a consumer report before providing to the consumer a written stand-alone disclosure to the consumer that a report may be obtained for employment purposes. ECF No. 38 at 26. Count Two is based on the alleged violation of 15 U.S.C. § 1681b(b)(2)(A)(ii), a provision of the FCRA which prohibits a potential employer from

3

procuring a consumer report before obtaining a written authorization to do so from the consumer. Id. at 27. Count Three is based on the alleged violation of 15 U.S.C. § 1681(d)(a), a provision of the FCRA which prohibits a potential employer from procuring an investigative consumer report without making certain disclosures to the consumer. Id. at 27-28. Count Four is based on the alleged violation of 15 U.S.C. § 1681b(b)(3)(A)(i), described above, based on the failure to provide a copy of the consumer report used to make an employment decision. Id. at 28. Count Five is based on the alleged violation of 15 U.S.C. § 1681b(b)(3)(A)(ii), described above, based on the failure to provide a summary of rights. Id. at 29. Counts Six and Seven are based on alleged state law violations of the Pennsylvania CHRIA. Id. at 29-31.

As should be clear, only Counts Four and Five of the instant case share the statutory bases with the claims addressed in Long. The Long court held that plaintiffs therein had standing to bring a claim with the same statutory basis as Count Four but no standing to bring a claim with the same statutory basis as Count Five. The Long court did not address claims with the same statutory bases as Counts One, Two and Three. Thus, Plaintiff's Motion to Remand, which is based on the holding in Long, a case in which Plaintiff claims "the Court examined whether FCRA claims virtually identical to those alleged in Counts I to III of the First Amended Complaint," ECF No. 58 at 1, is flawed. Perhaps the rationale expressed in Long may be extended to claims like those set forth in Counts One through Three, but such a conclusion is not expressly dictated by the holding in Long and thus immediate remand of these claims is not warranted at this time. Accordingly, the Motion to Remand is denied without prejudice to raise the arguments therein in response to a Motion to Dismiss, if necessary.

As to the pending Partial Motion to Dismiss, because the state of the law has changed since it was filed and because Defendant has sought to amend its Motion to reflect this change,

4

the pending Partial Motion to Dismiss is denied without prejudice to refile, by December 6, 2018, a Motion to Dismiss encompassing all relevant arguments and current legal support therefor.

AND NOW, this 6th day of November, 2018, IT IS HEREBY ORDERED that the Motion to Remand, ECF No. 58, is DENIED. IT IS FURTHER ORDERED that the Partial Motion to Dismiss, ECF No. 50, is DENIED without prejudice to refile by December 6, 2018.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE